UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| Patrick Jasniak, | |
| Plaintiff, | Case No. |
| v. | |
| | **Demand for Jury Trial** |
| Lieutenant Aaron Arnette, Captain Trevor Milleson, Sergeant Robert Kirchner, Sergeant Franklin Sheppard, Officer Brendan Wilson, Officer Chrisopher Hunt, Officer Austin Cavazos, and Officer Jane Doe, | |
| Defendants. | |

## COMPLAINT AND JURY DEMAND

Plaintiff Patrick Jasniak asserts claims under the Eighth Amendment to the United States Constitution for sexual assault, excessive force, failure to intervene and supervisory liability against Defendants Lieutenant Aaron Arnette, Captain Trevor Milleson, Sergeant Robert Kirchner, Sergeant Franklin Sheppard, Officer Brendan Wilson, Officer Chrisopher Hunt, Officer Austin Cavazos, and Officer Jane Doe, each in their individual capacities. Plaintiff alleges as follows:

## Jurisdiction & Venue

1.     Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of civil rights under the Eighth Amendment to the United States Constitution.

2.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

3.     Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b), this being the district where the claim arose and where Defendants conduct business.

4.     All conditions precedent to this lawsuit, including exhaustion of administrative remedies, have occurred, been performed, or been waived.

## Parties

5.     At all times material hereto, Plaintiff Patrick Jasniak was an inmate in the custody and care of Florida Department of Corrections (FDC) at its Reception and Medical Center (RMC) institution in Lake Butler, Florida.

6.     At all times material hereto, Defendant Lieutenant Aaron Arnette was a correctional officer employed by FDC at RMC and was acting under color of law. Lieutenant Arnette is being sued in his individual capacity.

7.     At all times material hereto, Defendant Captain Trevor Milleson was a correctional officer employed by FDC at RMC and was acting under color of law. Captain Milleson is being sued in his individual capacity.

8.     At all times material hereto, Defendant Sergeant Robert Kirchner was a correctional officer employed by FDC at RMC and was acting under color of law. Sergeant Kirchner is being sued in his individual capacity.

9.     At all times material hereto, Defendant Sergeant Franklin Sheppard was a correctional officer employed by FDC at RMC and was acting under color of law. Sergeant Sheppard is being sued in his individual capacity.

10.     At all times material hereto, Defendant Officer Brendan Wilson was a correctional officer employed by FDC at RMC and was acting under color of law. Officer Wilson is being sued in his individual capacity.

11.     At all times material hereto, Defendant Officer Christopher Hunt was a correctional officer employed by FDC at RMC and was acting under color of law. Officer Hunt is being sued in his individual capacity.

12.     At all times material hereto, Defendant Officer Austin Cavazos was a correctional officer employed by FDC at RMC and was acting under color of law. Officer Cavazos is being sued in his individual capacity.

13.     At all times material hereto, Defendant Officer Jane Doe was a correctional officer employed by FDC at RMC and was acting under color of law. Officer Doe is being sued in her individual capacity. Officer Doe's full identity is unknown at this time. She was assigned to K Dormitory, Wing 2, the morning of the incident, and participated in the incident by administering chemical agents on Plaintiff prior to the cell extraction.

**Factual Allegations**

14.     On October 9, 2022, Plaintiff was located at RMC, an institution within the state penal system administered by FDC, where he was housed in K Dormitory, Wing 2.

15.     That morning, sometime after 1:00 a.m., Plaintiff was awoken by Officer Hunt. Plaintiff previously had a verbal dispute with Officer Hunt, who had come to Plaintiff's cell that morning to conduct a retaliatory strip search.

16.     Officer Hunt told Plaintiff to strip down and bend over. Concerned for his safety, Plaintiff asked Officer Hunt why he needed him to strip down. Plaintiff wanted Officer Hunt to get a lieutenant.

17.     Officer Hunt returned several minutes later with Lieutenant Arnette and Captain Milleson. Sergeants Sheppard and Kirchner, and Officers Hunt, Wilson, Cavazos, and Doe were also present outside Plaintiff's cell.

18.     Captain Milleson ordered Plaintiff to strip, bend over, and cough. Plaintiff complied. He removed his clothing and underwear and placed all his clothing in the slot in his door, as is required.  He then bent over, squatted, and coughed. At no time during these events had any of the officers suspected Plaintiff of hiding any objects or substances in his rectum. Instead, the entire spectacle was designed to humiliate, degrade and demean Plaintiff.

19.     Captain Milleson then falsely proclaimed that Plaintiff had not complied with his orders. He ordered Officer Doe—who had seen Plaintiff comply—to administer chemical agents (oleoresin capsicum spray) on Plaintiff. Despite knowing that Plaintiff had complied and that the strip search was not being done for penological purposes, one of the other defendants on the scene opened the cell door and held a shield in the entry way while Officer Doe administered the spray at Plaintiff's face, holding the canister just above the shield. After administering the spray, the officers backed away and shut the door.

20.     Plaintiff then began to put his underwear back on and get dressed. Plaintiff was visibly in pain from the chemical agents.

21.     Captain Milleson then ordered Plaintiff to strip again. Plaintiff complied. He removed the clothes he had begun putting back on and placed them in the slot. He bent over and coughed again.

22.     Like the first time, there was no basis this second time for Captain Milleson to order Plaintiff to strip and bend over. Captain Milleson, his superior officer Lieutenant Arnette, and their subordinate officers continued to force Plaintiff—unlawfully, sadistically, maliciously, and for no penological purpose—to remove all his clothes and bend over solely to punish, demean and humiliate him.

23.     Captain Milleson again falsely announced that Plaintiff had not complied with his orders. He ordered his subordinates—who knew that there was no basis to use force on Plaintiff—to again administer chemical agents on Plaintiff. One of the defendants and Officer Doe again entered the cell with the shield and sprayed Plaintiff in the face. They then shut the door.

24.     Although in pain from the administration of chemical agents, Plaintiff again began to get dressed to cover his naked body.

25.    For a third time Captain Milleson ordered Plaintiff to strip. Plaintiff complied. He was again falsely told by Captain Milleson that he had not complied and one of the defendants opened his cell and held the shield while Officer Doe administered CS gas on Plaintiff.

26.    All defendants were on the scene for these three chemical agent attacks, and each knew that there was no basis for ordering Plaintiff to strip or for deploying chemical agents into his cell or at his face.

27.    Defendants purposely did not record the three administrations of chemical agents or any of these events, in violation of FDC policy. They did so because they were not acting lawfully but were instead punishing Plaintiff for previous run-ins and humiliating him.

28.    At that time, Lieutenant Arnette and Captain Milleson received approval to engage in a forced cell extraction of Plaintiff, despite knowing that there was no basis to go into Plaintiff's cell and that he had complied each time they ordered him to strip down, even though there was no penological reason for the strip searches.

29.     When an inmate continues to remain noncompliant with lawful orders, a team of officers will, with approval, enter the cell with shields and protective gear to force the inmate to comply or submit to restraints. At all times material, Plaintiff had complied with all orders given to him and there was no basis to go into his cell for an extraction.

30.     Plaintiff was in excruciating pain at this point, but again began to put on his underwear to cover his naked body, which was on display to the defendants, who were humiliating him by treating him like a circus animal.

31.     As the cell extraction team composed of Sergeants Sheppard and Kirchner, and Officers Wilson, Hunt, and Cavazos (collectively, "CET Defendants") entered his cell, Plaintiff was in the process of putting on his boxers.

32.     It was at this time that defendants turned on the handheld camera to record what was happening.

33.     These handheld cameras are held out of the cell in the hall and often do not capture what happens once the inmate is taken to the ground, which is the case here.

34.     As the FDC Inspector General noted in her PREA Investigative Report, the distance of the camera and the officers' movements in the cell near Plaintiff's lower extremities precluded a clear view of what was happening on the ground.

35.     What happened is as follows: CET Defendants began to beat Plaintiff, taking him to the ground where they continued their attack, while Captain Milleson and Lieutenant Arnette watched for their own gratuitous pleasure. Plaintiff's face, eyes, and body were beaten, causing abrasions, bruising, and swelling.

36.     While face-first on the ground, CET Defendants applied hand and leg restraints. During that time, CET Defendants continued to beat Plaintiff, causing abrasions, and one of CET Defendants penetrated Plaintiff's rectum with a finger or object, sexually assaulting him for the purpose of humiliating, degrading, and demeaning Plaintiff.

37.     Plaintiff could feel what he later described as a "scratching, stretching, and pounding" of his rectal area.

38.     CET Defendants then exited Plaintiff's cell.

39.     After exiting his cell, the defendants made light about what they did

to Plaintiff, joking that he had a "fist in his bootyhole."

40.     Continuing to diminish what happened, Captain Milleson later

wrote that in his post-use-of-force incident report, even though Plaintiff never

used that language to describe the event:

DETAILS OF INCIDENT:   On Sunday October 9th, 2022, while I was assigned to RMC Main Unit First Shift Supervisor I was overseeing the Post Used of Force procedures when Inmate ▮▮▮▮▮ DC# ▮▮▮ made PREA Allegations against the Force Cell Extraction Team stating "One of them stuck their fist in my bootyhole." Inmate ▮▮▮ was immediately escorted to RMC Urgent Care following his decontamination shower.

41.     Plaintiff was taken to a shower to treat his exposure to chemical

agents, where he declared on camera that he was physically violated by one of

the CET Defendants.

42.     Plaintiff was taken to Shands Hospital in Gainesville, Florida for

treatment and evaluation.

43.     At Shands Hospital, Plaintiff arrived with overtight restraints and

with bloody ankles from the attack and leg restraints that were too tightly

applied. The emergency room nurse asked officers to loosen Plaintiff's restraints,

and they refused.

44.     Clinicians also documented his injuries, including his rectal injury.

Plaintiff suffered from rectal bleeding as a result of one or more of the CET

Defendants placing a finger or object in his rectum:



45.     Plaintiff continues to suffer from the injuries he experienced just prior

to and during the cell extraction on October 9, 2022.

## COUNT I

### Violation of 42 U.S.C. § 1983 – Excessive Use of Force
### (against Officer Jane Doe)

Plaintiff repeats and re-alleges paragraphs 1 through 45 above, as if fully set forth herein and further alleges:

46.    Plaintiff is entitled to relief against Officer Doe for violation of the Eighth Amendment to the U.S. Constitution.

47.    Officer Doe, while acting under color of state law unlawfully and without justification, violated the Eighth Amendment when she repeatedly administered chemical agents despite Plaintiff's compliance with orders. She violated that right by acting maliciously and sadistically with a sufficiently culpable state of mind to cause harm Plaintiff.

48.    Doe used force on Plaintiff without any legitimate need to maintain or restore discipline or for any other good faith reason.

49.    Despite his compliance, Doe, at her superior officers' instruction, administered chemical agents directed at Plaintiff's face.

50.    Her conduct was motivated by evil intent to harm and torment Plaintiff by callous or reckless indifference to his right to be free from excessive force.

51.     As a direct and proximate result of the above-described excessive use of force and violence, Plaintiff sustained serious physical and mental injuries.

52.     Plaintiff has been required to engage the services of the undersigned counsel. As such, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiff seeks relief as set forth in his Prayer for Relief below.

## COUNT II

### Violation of 42 U.S.C. § 1983 – Excessive Use of Force
### (against CET Defendants)

Plaintiff repeats and re-alleges paragraphs 1 through 45 above, as if fully set forth herein and further alleges:

53.     Plaintiff is entitled to relief against the CET Defendants (Sergeants Sheppard and Kirchner, and Officers Wilson, Hunt, and Cavazos) for violations of the Eighth Amendment to the U.S. Constitution.

54.     These defendants, while acting under color of state law unlawfully and without justification, jointly and severally, violated the Eighth Amendment when they gratuitously beat Plaintiff, including while compliant and restrained. They did so despite Plaintiff's compliance with orders and while Plaintiff was

restrained. They violated that right by acting maliciously and sadistically with a sufficiently culpable state of mind to cause harm Plaintiff.

55.     The CET Defendants used force on Plaintiff without any legitimate need to maintain or restore discipline or for any other good faith reason.

56.     Despite his compliance, CET Defendants, at their superior officers' instruction, attacked Plaintiff.

57.     Their conduct was motivated by evil intent to harm and torment Plaintiff by callous or reckless indifference to his right to be free from excessive force.

58.     As a direct and proximate result of the above-described excessive use of force and violence, Plaintiff sustained serious physical and mental injuries.

59.     Plaintiff has been required to engage the services of the undersigned counsel. As such, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiff seeks relief as set forth in his Prayer for Relief below.

## COUNT III

### Violation of 42 U.S.C. § 1983 – Sexual Assault
### (against CET Defendants)

Plaintiff repeats and re-alleges paragraphs 1 through 45 above, as if fully set forth herein and further alleges:

60.     Plaintiff is entitled to relief against the CET Defendants (Sergeants Sheppard and Kirchner, and Officers Wilson, Hunt, and Cavazos) for violations of the Eighth Amendment to the U.S. Constitution for sexual assault.

61.     CET Defendants, while acting under color of state law unlawfully and without justification, jointly and severally, violated the Eighth Amendment when they penetrated Plaintiff's rectum with a finger or object. They violated that right by acting maliciously and sadistically with a sufficiently culpable state of mind to cause harm Plaintiff.

62.     The CET Defendants used force on Plaintiff without any legitimate need to maintain or restore discipline or for any other good faith reason. In fact, sexual assault can never serve any valid penological purpose under clearly established law, nor is it ever acceptable under contemporary standards of decency.

63.     As a direct and proximate result of the above-described sexual

assault, Plaintiff sustained serious physical and mental injuries.

64.     Plaintiff has been required to engage the services of the undersigned

counsel. As such, Plaintiff is entitled to an award of reasonable attorney's fees

and costs pursuant to 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiff seeks relief as set forth in his Prayer for Relief

below.

**COUNT IV**

**Violation of 42 U.S.C. § 1983 – Supervisor Liability
(against Lieutenant Arnette and Captain Milleson)**

Plaintiff repeats and re-alleges paragraphs 1 through 45 above, as if fully

set forth herein and further alleges:

65.      At all times relevant, Arnette and Milleson maintained a senior rank

and supervisory authority over CET Defendants and Officer Doe.

66.     Arnette and Milleson, as the ranking officers at the scene, ordered

and directed CET Defendants and Officer Doe, their subordinates, to act

unlawfully.

67.     Specifically, Arnette and Milleson ordered Officer Doe to administer

chemical agents and other defendants to aid her, and the CET Defendants to raid

16

Plaintiff's cell and attack him despite his compliance, all in violation of the

Eighth Amendment and clearly established law.

68.     Doe and the CET Defendants followed the unconstitutional

directives and administered chemical agents and beat and attacked Plaintiff,

including sexually assaulting him, while he was restrained in his cell.

69.     Arnette's and Milleson's unconstitutional orders were motivated by

evil intent to harm Plaintiff by callous or reckless indifference to his right to be

free from excessive force.

70.     As a direct and proximate result of the unlawful orders resulting in

excessive use of force and sexual assault on Plaintiff, Plaintiff sustained brutal

and severe physical and mental injuries.

71.     Plaintiff has been required to engage the services of the undersigned

counsel. As such, Plaintiff is entitled to an award of reasonable attorney's fees

and costs pursuant to 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiff seeks relief as set forth in his Prayer for Relief

below.

## COUNT V

### Violation of 42 U.S.C. § 1983 – Failure to Intervene
### (against all Defendants)

Plaintiff repeats and re-alleges paragraphs 1 through 45 above, as if fully set forth herein and further alleges:

72.     Plaintiff is entitled to relief against defendants for their failure to intervene to stop Doe from gratuitously using force against him in violation of the Eighth Amendment to the U.S. Constitution. Plaintiff is further entitled to relief against each of these defendants for their then respective failure to intervene to stop each subsequent actor, or for the CET Defendants, their failure to stop their respective team members from gratuitously using force and sexually assaulting Plaintiff.

73.     Defendants, while acting under color of state law, unlawfully and without justification jointly and severally violated the Eighth Amendment when they observed each of the others, while acting under color of state law, commit extreme physical violence on Plaintiff while he was compliant and while he was restrained.

74.     As a direct and proximate result of the failure to intervene, Plaintiff sustained brutal and severe physical and mental injuries.

75.     Plaintiff has been required to engage the services of the undersigned counsel. As such, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiff seeks relief as set forth in his Prayer for Relief below.

## Prayer for Relief

Plaintiff Patrick Jasniak demands the following relief against Defendants:

    A.  Nominal damages;

    B.  Compensatory damages;

    C.  Punitive damages;

    D.  Reasonable attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 1988 and any other applicable law; and

    E.  Such other just and proper relief.

## Demand for Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

Dated: May 8, 2024

Respectfully submitted,

/s/ James M. Slater
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
Tel: (305) 523-9023
james@slater.legal

*Attorneys for Plaintiff Patrick Jasniak*