UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICK JASNIAK,

    Plaintiff,

v.

LIEUTENANT AARON ARNETTE,
*et al.*,

    Defendants.

Case No. 3:24-cv-454-MMH-LLL

**PLAINTIFF'S UNOPPOSED MOTION FOR EXTENSION OF TIME
TO SERVE DEFENDANT AUSTIN CAVAZOS**

Pursuant to Rule 4(m), Plaintiff Patrick Jasniak moves for a 60-day extension of time to serve Defendant Austin Cavazos. As grounds, Mr. Jasniak states:

1. Mr. Jasniak is a state prisoner, who alleges that several Florida Department of Corrections officers engaged in conduct violative of the Eighth Amendment while he was incarcerated at Reception and Medical Center, a state prison located within the district.

2. Mr. Jasniak filed this lawsuit on May 8, 2024, and proceeded to effectuate service on the defendants. According to Rule 4, service must be effectuated by August 6, 2024.

3. To date every defendant has either been served or has waived service except Officer Austin Cavazos. [*See* Docs. 8-10 & 13].

4. That said, Mr. Jasniak has been diligent in his efforts to serve Officer Cavazos. His process server has attempted service at Florida State Prison (FSP) in Raiford, Florida, where Officer Cavazos was listed at the time on the Florida 411 Online Telephone Directory for state employees: https://411.myflorida.com/.

5. On June 4, 2024, the process server was told to come back to FSP the next day during Officer Cavazos' shift.

6. On June 18, 2024, the process server was told he would have to return in the morning hours to serve him.

7. On June 25, 2024, the process server spoke to the prison's head administrator, who told the server Officer Cavazos was likely to be fired because he has not been to work and instructed the server to call to see if Officer Cavazos had come in to work.

2

8. On July 10, 2024, the process server called the prison and spoke to Human Resources, who told the server Officer Cavazos was pending dismissal for not coming to work.

9. And on July 24, 2024, the process server attempted service at a location associated with Officer Cavazos, but no one came to the door.

10. Each of these attempts is articulated in detail in the attached automated update from Mr. Jasniak's process server.

11. Mr. Jasniak's process server is continuing his efforts to locate Officer Cavazos at two other addresses in an effort to serve him, but may not be able to locate and serve him by August 6, 2024.

12. Counsel for the appearing defendants has also informed the undersigned that he has not been able to reach Officer Cavazos, that he would continue efforts to locate him, and that the defendants who have appeared do not oppose an extension of time to serve him.

## Memorandum of Law

Normally, Rule 4(m) necessitates service of a summons and complaint to all defendants within 90 days after the complaint is filed. See Fed. R. Civ. P. 4(m). Failure to comply with Rule 4(m) can lead to dismissal of a case or party.

3

To avoid dismissal, a plaintiff may request an extension of time for service upon a showing of good cause. *See id.* In the context of an incarcerated litigant, "prisoner-litigants who provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes." *Richardson v. Johnson*, 598 F.3d 734, 739-40 (11th Cir. 2010) (vacating dismissal on Rule 4(m) grounds) (finding it "unreasonable" to expect an incarcerated or unrepresented prisoner-litigant to provide current addresses of prison-guard defendants who no longer work at the prison); *see also Allen v. Carey*, 626 F. App'x 852, 5 (11th Cir. 2015) (vacating dismissal of prisoner suit on Rule 4(m) grounds).

Here, the Court should permit Mr. Jasniak an additional 60 days to attempt service on Officer Cavazos. First, he used then available information from the State of Florida employee directory to find Officer Cavazos's work location, but Officer Cavazos stopped coming to work, preventing Mr. Jasniak from serving him. Second, Mr. Jasniak's counsel used available online resources to locate a home address for Officer Cavazos, but it appears to be vacant or unused. Efforts to serve Officer Cavazos there have been fruitless. Mr. Jasniak, through counsel, has found other possible home addresses for Officer Cavazos and is now attempting to serve him at those addresses.

## Conclusion

For the foregoing reasons, Mr. Jasniak has established good cause under Rule 4(m). He respectfully asks that the Court grant this motion and permit an additional 60 days, through October 7, 2024, to serve Officer Cavazos.

## Certificate of Good-Faith Conference

Pursuant to Local Rule 3.01(g), the undersigned conferred with defense counsel as to the relief requested herein. Defendants who have appeared in this case do not oppose this request.

Dated: July 26, 2024.

        Respectfully submitted,

        */s/ James M. Slater*
        James M. Slater (FBN 111779)
        Slater Legal PLLC
        2296 Henderson Mill Rd. NE #116
        Atlanta, Georgia 30345
        james@slater.legal
        Tel. (305) 523-9023

        *Attorneys for Plaintiff Patrick Jasniak*