UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICK JASNIAK,

      Plaintiff,

v.                                                                      Case No. 3:24-cv-454-MMH-LLL

LIEUTENANT AARON ARNETTE,
*et al.*,

      Defendants.

**Plaintiff's Response to Order to Show Cause and Unopposed Request
<u>for Extension of Time to Serve Officer Jane Doe</u>**

Plaintiff Patrick Jasniak, through counsel, responds to the Court's Order to

Show Cause (Doc. 23) regarding service of Officer Jane Doe as follows:

1.      Plaintiff understands that courts in this Circuit do not permit

fictitious defendant pleadings absent the circumstances described in the Court's

Order to Show Cause.

2.      Here, Plaintiff, a state prisoner, has identified Jane Doe to the best of

his ability. *See* Compl. ¶ 13 (describing Jane Doe as the female officer who was

assigned to Plaintiff's specific dormitory on the date of the incident who

administered chemical agents). As indicated in the Complaint, Jane Doe administered chemical agents during a cell extraction and was under cover of another guard's shield while she sprayed Plaintiff. *See id.* at ¶ 19.

3.      As a state prisoner, Plaintiff and counsel have received medical records and certain incident reports and OIG records relating to the incident. But none of those records identify Jane Doe. To ascertain Officer Jane Doe's name, Plaintiff intends to issue a Rule 45 subpoena to nonparty Florida Department of Corrections, for duty rosters and logs, which should have her name.

4.      Accordingly, Plaintiff asserts that he has sufficiently identified the fictitious defendant and therefore she should not be dismissed from the case. However, should the Court not accept Plaintiff's request for an extension of time to serve Officer Jane Doe, then Plaintiff would ask that the Court dismiss Officer Jane Doe without prejudice so that he may seek to add her as a party-defendant after he ascertains her name.

5.      Further, because discovery has just begun and Plaintiff had no way to learn Jane Doe's name without the benefit of discovery, Plaintiff would ask that the Court grant an additional 90 days to identify and serve Officer Jane Doe. Defendants do not oppose the requested relief.

## Memorandum of Law

Rule 4(m) necessitates service of a summons and complaint within 90 days after the complaint is filed. *See* Fed. R. Civ. P. 4(m). Failure to comply with Rule 4(m) can lead to dismissal of a case or party without prejudice.

To avoid dismissal, a plaintiff may request an extension of time for service upon a showing of good cause. *See id.* "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause," however. V*illaflor v. Ultimate Med. Acad., LLC*, Case No: 8:16-cv-1486-T-23JSS, at *5 (M.D. Fla. Oct. 7, 2016) (quoting *Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005)). An extension of time for service may be justified "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed.R.Civ.P. 4(m) advisory cmte. note 1993 Amendments; *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1133 (11th Cir. 2005).

Additionally, in the context of an incarcerated litigant, "prisoner-litigants who provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes." *Richardson v. Johnson*, 598 F.3d

734, 739-40 (11th Cir. 2010); *see also Allen v. Carey*, 626 F. App'x 852 (11th Cir. 2015) (vacating dismissal of prisoner suit on Rule 4(m) grounds).

Here, Plaintiff has no ability to determine Jane Doe's information based on the records he obtained presuit from nonparty Florida Department of Corrections. Because Plaintiff cannot provide any additional information without first obtaining it through nonparty Florida Department of Corrections through a subpoena, the Court should find that good cause is met. Alternatively, should the Court find that good cause is not met, then Plaintiff asks that the Court dismiss Officer Jane Doe without prejudice, so that he may name her later.

## Certification Under Local Rule 3.01(g)

I hereby certify that I conferred with counsel for Defendants. Defendants do not oppose the relief requested herein.

Dated: August 19, 2024.

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
james@slater.legal
Tel. (305) 523-9023

*Attorneys for Plaintiff Patrick Jasniak*

4