IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICK JASNIAK,

    Plaintiff,

v.                                             Case No.: 3:24-cv-454-MMH-LLL

LT. AARON ARNETTE, ET AL.,

    Defendants.
_____/

**ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES**

Defendants Arnette, Milleson, Wilson, Hunt, and Kirchner, Shepard, Cavazos, and McDowell assert their Answer, Defenses, and Affirmative Defendants and state:

### Jurisdiction and Venue

1. Admitted that Plaintiff brings claims pursuant to 42 U.S.C. §§ 1983 and 1988, but denied that Defendants violated Plaintiff's constitutional rights and that Plaintiff is entitled to relief under those sections.

2. Admitted.

3. Admitted.

4. Without knowledge.

### Parties

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

## Factual Allegations

14. Admitted.

15. Without knowledge.

16. Without knowledge.

17. Admitted that Captain Milleson went to Plaintiff's cell. Without knowledge as to the remaining allegations in Paragraph 17.

18. Admitted that Captain Milleson ordered Plaintiff to comply with standard strip search procedures. Denied that the strip search was for the purpose of humiliating, degrading or demeaning Plaintiff.

19. Admitted that Captain Milleson ordered administration of chemical agents to obtain Plaintiff's compliance and that chemical agents were administered.

Denied as to the remaining allegations in Paragraph 19, and specifically denied that Plaintiff complied with orders.

20. Denied that Plaintiff began to get dressed again. Without knowledge as to whether Plaintiff was visibly in pain.

21. Admitted that Captain Milleson gave Plaintiff a second chance to comply with standard strip search procedures. Denied that Plaintiff removed clothing that he had begun putting back on. Without knowledge as to the remaining allegations in Paragraph 21.

22. Denied.

23. Admitted that Captain Milleson ordered a second administration of chemical agents and that chemical agents were administered a second time. Denied as to the remaining allegations in Paragraph 23.

24. Denied that Plaintiff began to get dressed again. Without knowledge as to whether Plaintiff was visibly in pain.

25. Admitted that Captain Milleson gave Plaintiff a third chance to comply with standard strip search procedures, ordered a third administration of chemical agents, and that chemical agents were administered a third time. Denied as to the remaining allegations in Paragraph 25.

26. Without knowledge that all defendants were present during the administration of chemical agents. Denied as to the remaining allegations in Paragraph 26.

27. Denied.

28. Admitted that a forced cell extraction was authorized. Denied as to the remaining allegations in Paragraph 28.

29. Admitted that forced cell extractions are used to obtain inmate compliance. Denied as to the remaining allegations in Paragraph 29.

30. Denied that Plaintiff began to get dressed again. Without knowledge as to whether Plaintiff was visibly in pain. Denied as to the remaining allegations in Paragraph 30.

31. Without knowledge.

32. Denied.

33. In response to Paragraph 33, Defendants state the video speaks for itself.

34. Without knowledge.

35. Denied.

36. Admitted that the cell extraction team applied hand and leg restraints. Denied as to the remaining allegations in Paragraph 36.

37. Without knowledge.

38. Admitted.

39. Denied.

40. In response to Paragraph 40, Defendants state Captain Milleson's post-use-of-force incident report speaks for itself. Denied as to the remaining allegations in paragraph 40.

41. Admitted.

42. Admitted.

43. Without knowledge.

44. Without knowledge.

45. Without knowledge.

## Count I
## Violation of 42 U.S.C. § 1983 – Excessive Use of Force
## (Against Officer Lisa[1] McDowell)

46. Denied.

47. Admitted that Defendant McDowell administered chemical agents. Denied as to the remaining allegations in Paragraph 47.

48. Admitted that Defendant McDowell used force. Denied as to the remaining allegations in Paragraph 48.

---

[1] Plaintiff's Amended Complaint contains a typographical error, which states "Jane McDowell."

49. Admitted that Defendant McDowell administered chemical agents at her supervisor's instruction. Denied as to the remaining allegations in Paragraph 49.

50. Denied.

51. Without knowledge as to Plaintiff's injuries. Denied as to the remaining allegations in Paragraph 51.

52. Denied that Plaintiff is entitled to the relief requested.

## Count II
## Violation of 42 U.S.C. § 1983 – Excessive Use of Force
## (Against CET Defendants)

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Without knowledge as to Plaintiff's injuries. Denied as to the remaining allegations in Paragraph 58.

59. Defendants deny Plaintiff is entitled to the relief requested in Paragraph 59.

## Count III

## Violation of 42 U.S.C. § 1983 – Sexual Assault

## (Against CET Defendants)

60. Denied.

61. Denied.

62. Denied that Defendants used excessive force against Plaintiff. The remainder of Paragraph 62 states a legal conclusion and does not require response. To the extent response is required, Defendants state sexual assault cannot serve a penological purpose under the law.

63. Denied.

64. Defendants deny Plaintiff is entitled to the relief requested in Paragraph 64.

## Count IV

## Violation of 42 U.S.C. § 1983 – Supervisor Liability

## (Against Lieutenant Arnette and Captain Milleson)

65. Admitted.

66. Admitted that Defendant Milleson ordered the use of force. Denied as to the remaining allegations in Paragraph 66.

67. Admitted that Defendant Milleson ordered the use of force. Denied as to the remaining allegations in Paragraph 67.

68. Admitted that Defendant McDowell and the CET Defendants used force to obtain Plaintiff's compliance.  Denied as to the remaining allegations in Paragraph 68.

69. Denied.

70. Without knowledge as to Plaintiff's injuries.  Denied as to the remaining allegations in Paragraph 70.

71. Defendants deny Plaintiff is entitled to the relief requested in Paragraph 71.

## Count V
## Violation of 42 U.S.C. § 1983 – Sexual Assault
## (Against CET Defendants)

72. Denied.

73. Denied.

74. Without knowledge as to Plaintiff's injuries.  Denied as to the remaining allegations in Paragraph 74.

75. Defendants deny Plaintiff is entitled to the relief requested in Paragraph 75.

## Prayer for Relief

Defendants deny Plaintiff is entitled to the relief requested.

For any allegations not specifically admitted or denied, Defendants respond that they are without knowledge.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim on which relief may be granted because he cannot prove more than de minimis injury.

2. Plaintiff fails to state a claim on which relief may be granted because he cannot prove his allegations of sexual assault.

3. Defendants have not violated any established right under the Constitution or laws of the United States.

4. Plaintiff's damages are not attributable to Defendants' conduct.

5. Plaintiff's injuries resulted from his own culpable or negligent conduct.

6. Defendants' actions were reasonable upon objective evaluation and not so grossly disproportionate to the need to take those actions as to warrant recovery under 42 U.S.C. § 1983.

7. Defendants have not violated any clearly established constitutional or statutory rights that a reasonable person is likely to have known and therefore are entitled to qualified immunity.

8. Compensatory damages are barred pursuant to 42 U.S.C. 1997e(e) because Plaintiff did not suffer a physical injury that was more than de minimis.

9. Punitive damages are barred pursuant to 18 U.S.C. § 3626(a)(1)(A) and 18 U.S.C. § 3626(g)(7).

Respectfully submitted,

**ASHLEY MOODY**
ATTORNEY GENERAL

*/s/ Daniel Palardy*
Daniel Palardy
Senior Assistant Attorney General
Florida Bar No.: 1040666
Office of the Attorney General
1300 Riverplace Blvd. Suite 405
Jacksonville, Florida 32207
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
Daniel.Palardy@myfloridalegal.com