**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

Patrick Jasniak,

    Plaintiff,

v.

Aaron Arnette, et al.,

    Defendants.

Case No. 3:24-cv-454-MMH

**JOINT MOTION FOR ENTRY**
**OF HIPAA-QUALIFIED PROTECTIVE ORDER**

Pursuant to Rule 26(c), Plaintiff Patrick Jasniak and nonparty Florida Department of Corrections (FDC) jointly move for the entry of the attached proposed HIPAA-Qualified Protective Order (HQPO). Defendants do not oppose the relief requested herein. In support, Plaintiff and FDC state:

### I. BACKGROUND

Plaintiff Patrick Jasniak has sued several correctional officers, then employed by FDC for alleged violations of his constitutional rights while he was incarcerated at Reception and Medical Center, and which resulted in injuries to him, including injuries related to an alleged sexual assault by those correctional

officers. (*See, generally*, Compl.). Given these claims, some critical material evidence may disclose Protected Health Information (PHI). Plaintiff seeks this order to prevent time-consuming arguments based on rules implemented under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) through the implementation of a HQPO, which can continue to keep PHI secure simply through ordering limited dissemination, use only for the litigation, and destruction or return afterward. To streamline these proceedings and allow full and substantially unredacted discovery without diminishing the parties' and third-party concerns over PHI and confidential information, Plaintiff and FDC respectfully request the entry of the attached HQPO. Defendants do not oppose this request.

II.     **MEMORANDUM OF LAW**

**A. The Protective Order Standard.**

The Court may issue a protective order "for good cause shown." Fed. R. Civ. P. 26(c). Although no absolute definition exists for "good cause," the phrase generally "signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987) (per curiam). The party seeking a protective order has the burden to demonstrate good cause and

must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" supporting the need for a protective order. *U.S. v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). A protective order does not depend on a legal privilege. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985).

The Court has broad discretion in using protective orders to limit the means and scope of discovery. *In re Alexander Grant*, 820 F.2d at 357 (11th Cir. 1987) (per curiam). Once good cause is shown, a court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). In the Eleventh Circuit, district courts are required to balance the interests of those requesting the order. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545 (11th Cir. 1985).

**B. Entry of an HQPO is Appropriate.**

Under HIPAA, PHI "means individually identifiable health information" which is transmitted or maintained in electronic media or in any other form or medium, with certain limited exceptions not relevant to this proceeding. 45 C.F.R. § 160.103. The regulations that govern disclosure of PHI provide that a

covered entity may sometimes disclose PHI for medical research or law enforcement investigations. It may also disclose PHI in the course of any judicial or administrative proceeding (i) in response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order. 45 C.F.R. § 164.512(e). District courts have employed such protective orders in the past to make material evidence available to parties. *See, e.g.*, *Jac'Quann (Admire) Harvard et al. v. Mark Inch, et al.*, Case No. 4:19-cv-212-MW-MAF, Doc. 46 (N.D. Fla. Sept. 9, 2019) (Walker, J.).

Because health care in Florida prisons is provided by private entities, health care corporations, like Centurion of Florida, LLC, are "covered entities" for HIPAA purposes, but FDC and Plaintiff dispute whether FDC is a "covered entity" under 45 C.F.R. § 160.103. To avoid litigation over the parties' competing contentions and to ensure that discovery disclosed in this case is substantially unredacted, the entry of the attached HQPO can eliminate unnecessary redactions, further disputes in this lawsuit over redacted materials, and can eliminate the burden of requiring authorizations of nonparties whose PHI may, often unexpectedly, appear in relevant material evidence in this case. 45 C.F.R. §

164.512(e)(1). With an HQPO in place, FDC and its contractors can produce unredacted documents containing PHI to Plaintiff's counsel without the burdens otherwise associated with properly disseminating PHI. Plaintiff and FDC have agreed to several categories of information to be subject to the HQPO, including a catchall provision. The production of these classes of documents without redaction are necessary to fully understand and support Plaintiff's claims, as well as understand and rebut defendants' defenses in this case. In those documents, there may be references to medical conditions, medical staff, facilities, or care, which, if redacted, would prevent Plaintiff from addressing his claims. Moreover, the course of discovery may lead the parties to documents or evidence that would be material to the claims or defenses in this case but may not be specifically enumerated in the HQPO, thus necessitating a catchall. Plaintiff and FDC jointly agree to the proposed HQPO and Defendants do not oppose the entry of this HQPO as written.

WHEREFORE, Plaintiff and FDC request that the Court grant this joint motion and enter the attached HIPAA-Qualified Protective Order.

Dated this 15th day of November 2024.

| | |
|---|---|
| */s/James M. Slater* | */s/ Charles Thomas Martin, Jr.* |
| Attorney for Plaintiff | Attorney for Department of Corrections |
| James Slater | Charles Thomas Martin, Jr. |
| Attorney for Plaintiff | Assistant General Counsel |
| Florida Bar No. 0966843 | Florida Bar No. 118328 |
| Slater Legal PLLC | Florida Department of Corrections |
| 2296 Henderson Mill Rd. NE #116 | 501 South Calhoun Street |
| Atlanta, GA 30345 | Tallahassee, FL 32399-2500 |
| (404) 458-7283 | (850) 717-3611 (Telephone) |
| james@slater.legal | (850) 922-4355 (Facsimile) |
| | charles.martin@fdc.myflorida.com |

**Certificate of Service**

I certify that a true copy hereof has been served on counsel of record for the Defendants via CM/ECF and on the Florida Department of Corrections by e-mail on November 15, 2024.

By: */s/ James M. Slater*
James Slater

**Local Rule 3.01(g) Certificate**

I further certify that I have conferred with counsel for Defendants on the relief requested herein. Defendants do not oppose the requested relief.

By: */s/ James M. Slater*
James Slater