UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICK JASNIAK,

    Plaintiff,

v.                              Case No. 3:24-cv-454-MMH-LLL

LIEUTENANT AARON ARNETTE,
*et al.*,

    Defendants.

### Joint Motion to Modify Scheduling Order

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, the parties file this joint motion to modify the Scheduling Order [ECF No. 22] to extend the remaining deadlines by 90 days. In support, the parties state:

**I.    BACKGROUND**

This is a lawsuit brought by Patrick Jasniak, a state prisoner, concerning claimed violations of the Eighth Amendment, while he was incarcerated at Reception and Medical Center, a state prison located within this District. [*See, generally*, ECF No. 27]. Specifically, Plaintiff alleges unconstitutional use of force and sexual assault, among other things, during a cell extraction. [*See id.*].

In connection with litigating the case, Plaintiff subpoenaed the Florida Department of Corrections (FDOC) for records and videos surrounding the cell extraction. After receiving the subpoena, counsel for FDOC and Plaintiff prepared a protective order governing the use of confidential records and a HIPAA-qualified protective order. Motions for entry of those protective orders, which Defendants did not oppose, were filed in November 2024. [ECF Nos. 34 & 35]. FDOC has not agreed to provide certain records, including videos of the scene and cell extraction, until the Court enters a protective order in this case.

Under the Scheduling Order, expert disclosures from Plaintiff are due on March 28, 2025 and discovery closes on June 27, 2025. [ECF No. 22 at 1]. Without complete disclosure of the evidence surrounding the cell extraction, Plaintiff cannot fully evaluate the evidence and the case and determine the necessity of an expert. The parties further believe they cannot engage in depositions until all parties have seen the videos and can speak to what those videos depict.

Accordingly, the parties request an additional 90 days for the remaining deadlines in the case so that the Court may appropriately rule on the pending protective orders and permit the parties ample time to complete discovery thereafter.

## II. MEMORANDUM OF LAW

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Harris v. Reverse Mortg. Solutions, Inc.*, 800 Fed. Appx. 708, 711 (11th Cir. 2020) (citing *Sosa v. Airprint Sys., Inc.*, 13 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted).

Rule 16 of the Federal Rules of Civil procedure grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If litigants diligently pursue their rights but for reasons other than their own negligence are unable to meet scheduling order deadlines, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997).

If the schedule is not modified the parties believe they would not be able to adequately complete discovery in this case, as disclosure of confidential information, such as videos from within the correctional institution, from FDOC is paramount to the parties' evaluation of the case and preparation for depositions

3

and potential expert discovery. Accordingly, the parties seek modification of the following deadlines:

|  | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Deadline for disclosing expert reports.  Plaintiff: | March 28, 2025 | June 26, 2025 |
| Defendants: | April 25, 2025 | July 24, 2025 |
| Rebuttal: | May 23, 2025 | August 21, 2025 |
| Deadline for completing discovery and filing motions to compel. | June 27, 2025 | September 25, 2025 |
| Mediation. | August 1, 2025<br><br>NOTICE DUE<br>May 1, 2025 | October 30, 2025<br><br>NOTICE DUE<br>July 30, 2025 |
| Deadline for filing dispositive and *Daubert* motions. | July 18, 2025 | October 16, 2025 |
| Deadline for filing all other motions, including motions in limine. | November 24, 2025 | February 22, 2026 |
| Deadline for filing the joint final pretrial statement. | December 8, 2025 | March 9, 2026 |
| Final pretrial conference. | December 15, 2025 | March 16, 2026 |
| Trial term. | January 5, 2026 | April 6, 2026 |

### III.  CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court grant this motion and enter an order amending the Scheduling Order to modify the deadlines as set forth in the above table.

Dated: February 21, 2025.

    Respectfully submitted,

|  |  |
|---|---|
|  | **JAMES UTHMEIER**<br>**ATTORNEY GENERAL** |
| /s/ *James M. Slater*<br>James M. Slater (FBN 111779)<br>SLATER LEGAL PLLC<br>2296 Henderson Mill Rd NE #116<br>Atlanta, GA 30345<br>james@slater.legal<br>Tel. (305)-523-9023<br><br>*Lead Counsel for Plaintiff* | /s/ *Daniel Palardy**<br>Daniel Palardy, Esq.<br>Senior Assistant Attorney General<br>Florida Bar No.: 1040666<br>Office of the Attorney General<br>1300 Riverplace Blvd., Suite 405<br>Jacksonville, Florida 32207<br>Telephone: (904) 456-6484<br>Facsimile: (850) 488-4872<br>Daniel.Palardy@myfloridalegal.com<br><br>*Lead Counsel for Defendants* |

*Signed by James Slater with express written permission of Daniel Palardy.