United States District Court
Middle District of Florida
Jacksonville Division

**PATRICK JASNIAK,**

    Plaintiff,

v.                                                                                                                                    **NO. 3:24-CV-454-MMH-LLL**

**LIEUTENANT AARON ARNETTE, ET AL.,**

    Defendants.

---

### Case Management and Scheduling Order

To progress the litigation, the following deadlines shall apply:

| Event | Deadline |
| --- | --- |
| Request discovery: | No later than **November 19, 2025** |
| Complete discovery: | **December 19, 2025** |
| File any motion to compel: | No later than **December 29, 2025** |
| File any dispositive motion, including a motion raising qualified immunity: | No later than **February 17, 2026** |
| File a response to any dispositive motion: | No later than **April 3, 2026** |

    1.    In conducting discovery, the parties must comply with the Federal Rules of Civil Procedure and the Court's Local Rules.

    2.    The parties can stipulate to different procedures for conducting discovery, but "a stipulation extending the time for any form of discovery must have

court approval if it would interfere with the time set for completing discovery, for hearing a motion, or for trial." Fed. R. Civ. P. 29(b). "For a judge to consider a stipulation, the party against whom the stipulation is asserted: (a) must concede the existence of the stipulation, (b) must have confirmed the stipulation in writing, or (c) must have stipulated on the record." Local Rule 3.05, Middle District of Florida Local Rules.

3. A discovery request must request only information (1) relevant to the claims and defenses and (2) proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

4. Discovery can be obtained through these methods:

   a. an interrogatory (a written question to the other party asking for information relevant to a claim or defense), *see* Fed. R. Civ. P. 33;

   b. a request for production (a written request to the other party for a copy of a document or access to any other tangible thing relevant to a claim or defense), *see* Fed. R. Civ. P. 34;

   c. a deposition (a recorded question-and-answer event used by a party to ask the other party or a witness questions about the facts relevant to a claim or defense), *see* Fed. R. Civ. P. 27, 28, 30, 31, 32, 33; or

   d. a request for admission (a written request to another party asking the party to admit a fact important to proving a claim or defense or narrowing the issues in the lawsuit), *see* Fed. R. Civ. P. 36.

5. The cost of discovery is borne by the party making the discovery request.

6. A party who wants to depose another party must provide advance notice of the time and place of the deposition. *See* Local Rule 3.04. A party who wants to depose a non-party must request a subpoena from the clerk's office and serve the subpoena on the non-party. *See* Fed. R. Civ. P. 45. The party scheduling the deposition must hire and pay for a court reporter to record the deposition. If a party is unable to

pay the costs of a deposition, the party may not take one. Other discovery methods described in paragraph 4 above are less expensive.

7. The defendants' counsel may depose incarcerated plaintiff. Counsel must contact the appropriate official at plaintiff's institution to arrange the time and place for the deposition.

8. A party must not file discovery-related documents with the Court unless the party is using it for a motion, a hearing, or a trial or the Court orders the party to file it. *See* Fed. R. Civ. P. 5(d)(1)(A).

9. Before filing a discovery-related motion, a party must confer with the opposing party in a good faith effort to resolve the motion. If the parties are unable to resolve the dispute, a party may move to compel the discovery or for protection from the discovery. *See* Fed. R. Civ. P. 26(c), 37(a). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

10. A party must timely respond to a discovery request. If a party cannot, the party should discuss an extension with the party requesting the discovery. If the parties disagree on timing and cannot resolve their disagreement after conferring in good faith, the party needing more time should file and serve a motion for an extension of time. A motion to extend the discovery deadline, even if unopposed, does not itself extend the discovery deadline.

11. If a party files the transcript of a deposition as an exhibit, the party must file the entire deposition (not just a portion of it).

12. Guidance on conducting discovery is in the *Guide for Proceeding Without a Lawyer* and *Middle District Discovery*, both of which can be found on the Court's website, https://www.flmd.uscourts.gov.

13. Every discovery request, response, or objection must be signed by a lawyer of record or the party personally if unrepresented. *See* Fed. R. Civ. P. 26(g)(1). By signing, a lawyer or party "certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:"

    (A) with respect to a disclosure, it is complete and correct as of the time it is made; and

    (B) with respect to a discovery request, response, or objection, it is:

        (i) consistent with [the Federal Rules of Civil Procedure] and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

        (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

        (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26(g)(1).

14. If a party fails to cooperate in discovery, the Court may sanction the party. Sanctions can include dismissal or default. *See* Fed. R. Civ. P. 26(g), 37.

15. Most cases settle; few proceed to trial. The parties are encouraged to discuss settlement. If they settle, they must immediately notify the Court, even if a

written settlement agreement still needs to be executed. Settlement requires compromise and a realistic assessment of the merits of the claims and defenses.

    **Ordered** in Jacksonville, Florida, on September 19, 2025.



/s/ Laura Lothman Lambert
United States Magistrate Judge

c:
Patrick Jasniak, #D11298, pro se
    Charlotte Correctional Institution
    33123 Oil Well Road
    Punta Gorda, Florida 33955
Daniel Sason Palardy, Esquire